UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY DORA KINNEY,
individually and as Next Friend
of B.K., a Minor,
J.K., a Minor, and
M.E., a Minor,

Case No. 16-cv-14042

Paul D. Borman
United States District Judge

Plaintiff

v.

DOUG WALTERS,

Defendant.
_____/

## OPINION AND ORDER GRANTING (1) PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT, ATTORNEY FEES, AND COSTS (ECF NO. 37) AND (2) PLAINTIFFS' MOTION FOR ORDER OF APPROVAL OF SETTLEMENT, ATTORNEY FEES AND COSTS ONLY (ECF NO. 45)

This is a diversity action for negligence in which the Plaintiff Kimberly Dora Kinney and her three minor children, B.K., J.K., and M.E., were injured in an automobile accident involving a vehicle driven by the Defendant, Doug Walters. The parties have reached a settlement and the matter is now before the Court on a motion to approve the settlement. On January 24, 2019, the Court appointed a Guardian Ad Litem, Les Braverman, Esq., to serve on behalf of the minor children for the purpose of reviewing the fairness of a proposed settlement of the case. (ECF No. 34.) On

1

January 25, 2019, Plaintiffs filed a Motion for Order of Approval of Settlement, Attorney Fees, and Costs and Distribution (ECF No. 37). On May 3, 2019, Plaintiffs filed a separate Motion for Order of Approval of Settlement, Attorney Fees and Costs Only (ECF No. 45). The Court held a hearing on the motions on May 20, 2018, at which the Guardian Ad Litem, as well as the Plaintiff Kimberly Kinney and her three minor children, appeared and were questioned by the Court regarding the terms of the proposed settlement. For the reasons that follow, the Court has approved the settlement, the proposed distribution of proceeds, and the payment of attorneys' fees and costs, as well as the payment of the fee for the Guardian Ad Litem. The confidential terms of the settlement are set forth in a separate Sealed Order entered this same day.

In a case involving minor children, the Court is required to make an independent determination that any proposed settlement is in the best interests of the minor children. *See Knight-Stanner v. Pruitt*, No. 08-cv-949, 2010 WL 432424, at *1 (W.D. Mich. Jan. 26, 2010) (citing *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997)). In connection with its review of the proposed settlement in this case, the Court requested and received the independent report of the Guardian Ad Litem, who has thoroughly reviewed the details of the settlement, and finds that the overall settlement is fair, that the majority of the proceeds are being paid to the minor

children, that the proposed distribution of funds is fair given the nature of the injuries sustained, and that the requested contingency fee of 1/3 of the settlement proceeds in also fair and reasonable. The proceeds were divided based on the severity of the children's injuries and structured in consideration of their respective ages. Each of the minors will be receiving their proceeds in the form of a structured settlement, which the Guardian Ad Litem has reviewed with the mother, who was given several options to choose from regarding the structure of the payout to each minor child. Each minor's structure takes into account funding a college education, allocates additional funds for purchasing a home and/or other necessities at the end of their education. The Guardian Ad Litem, having reviewed the underlying medical records and the details of the proposed settlement, finds that the distribution to each minor fairly compensates them for the injuries they received. The Guardian Ad Litem has also reviewed in detail the itemized costs of the Plaintiffs' law firm and finds that all costs were reasonable and necessary for the successful prosecution of the case.

At the May 20, 2019 hearing, the Guardian Ad Litem appeared and confirmed the findings and opinions set forth in his Report. Plaintiff Kimberly Kinney appeared with her minor children and expressed her understanding of and consent to the terms of the settlement agreement and proposed distribution of proceeds, including the proposed attorneys' fee and costs. The Court finds that the proposed settlement and

distribution is fair and reasonable and is in the best interests of the minor children.

The Court has entered a Sealed Order this same day that sets forth the confidential underlying terms of the settlement. The parties shall prepare and file a stipulation of dismissal with prejudice signed by all counsel for all parties who have appeared once all releases and other settlement documents have been executed. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). *See also Kiel v. Barton*, No. 09-cv-15053, 2011 WL 13206189 (E.D. Mich. Jan. 31, 2011). Because the Court has issued its determination that the settlement is in the best interests of the minor children, the stipulated dismissal shall be self-executing and will dismiss this action without need of further order of the Court. *See Kiel*, 2011 WL 13206189 (citing *Green*, 111 F.3d at 1301).

Accordingly, the Court GRANTS the motions to approve the settlement, the distribution of proceeds, and the payment of attorneys' fees and costs, and payment of the requested fee to the Guardian Ad Litem.

IT IS SO ORDERED.

_____
Paul D. Borman
United States District Judge

Dated: MAY 22 2019